IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| **MUHAMAD SADIQ** ) | |
| **8104 Hana Road** ) | Civil Action No.  -cv-_ _ _ |
| **Edison, NJ 08817,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ROBERT McDONALD, Secretary,** ) | |
| **Department of Veterans Affairs** ) | |
| **Defendant** ) | |

## COMPLAINT

**NOW** comes Plaintiff, Muhamad Sadiq (herein referred to as "Sadiq" or "Plaintiff"), by way of his attorney, Eleanor Jenkins, Esq., and sues Robert McDonald, Secretary of the U.S. Department of Veterans Affairs (VA), herein referred to as "Defendant", for reasons set forth in this complaint.

Generally, this case arises from the Merit Systems Protection Board's (MSPB) affirmance of an arbitral award that denied Plaintiff's grievance alleging violations of the Federal Service Labor-Management Relations Statute, 5 U.S.C. §7101, *et seq*., violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e *et seq.*, and violations of the Collective Bargaining Agreement (CBA) between the American Federation of Government Employees (AFGE) Local 1012 and the U.S. Department of Veterans Affairs.

Plaintiff was removed from his position as a pharmacist with the VA in November of 2009. Plaintiff filed a grievance pursuant to the parties' CBA. He alleged a number of contract violations as well as discrimination and disparate treatment based on his religion (Islam). Following an arbitral hearing, the arbitrator denied Plaintiff's grievance. Plaintiff appealed the matter to the MSPB, asserting that he had been precluded by the arbitrator from presenting evidence of religious discrimination. The MSPB remanded the matter to one of its administrative law judges to hear Plaintiff's evidence of religious discrimination and disparate treatment and to then render to the Board a recommended decision. The judge conducted a hearing via video. The judge's recommended decision, finding no religious discrimination and no disparate treatment, was adopted by the Board. The Board issued its final order on March 13, 2015. Thereafter, Plaintiff petitioned for review of the case by the Equal Employment Opportunity Commission (EEOC). On August 5, 2015, the EEOC issued a decision concurring with the final order of the MSPB.

Preliminary Statement

This is an action by Plaintiff to redress actions taken by Defendant based on Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e *et seq.*, and the Federal Service Labor-Management Relations Statute, 5 U.S.C. §7101, *et seq.*

Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 5 U.S.C.S. § 7702, 5 U.S.C. §7101, *et seq.*, and 42 U.S.C.S. § 2000e *et seq.*

2. There is an actual controversy between Plaintiff and Defendant.

3. Plaintiff was employed by the Defendant as a pharmacist at its Lyons, New Jersey facility until his removal in November of 2009.

4. Plaintiff initially filed a grievance under the CBA between AFGE Local 1012 and the VA. The Arbitrator denied the grievance, and the award was timely appealed to the MSPB. The Board remanded the case to one of its administrative judges for further hearing on the elements of religious discrimination and disparate treatment. Following a video hearing, MSPB Administrative Judge Mark Syska rejected the claim of discrimination and disparate treatment. This decision was adopted by the Board.

5. Plaintiff then petitioned the EEOC for review of the decision pursuant to 5 U.S.C. §7702(b)(1).

6. On August 5, 2015, the EEOC issued a decision concurring with the MSPB's decision. The MSPB's decision is appealable to the District Court pursuant to 5 U.S.C.S. §7702.

7. Defendant is a federal agency located in Washington, D.C. Jurisdiction lies in the U.S. District Court for the District of Columbia.

## CAUSE OF ACTION
## RELIGIOUS DISCRIMINATION and DISPARATE TREATMENT

1. Title VII precludes discrimination against, or disparate treatment of, a protected employee on the basis of his/her religion.

2. A prima facie case of disparate treatment is established by proof that Plaintiff was treated differently than similarly situated employees, in that:

    a. Plaintiff, unlike the other pharmacists, was held to some unpublicized error rate.

    b. Another pharmacist, whose error caused the death of a patient, was not fired. He was promoted into management.

    c. Unlike other pharmacists with purported performance problems, Plaintiff was not afforded the opportunity to improve his alleged performance problems under a Performance Improvement Plan (PIP).

    d. In order to meet his religious obligation to pray during the day (a *de minimus* 2-3 minutes), Plaintiff had to seek union representation.

3. The MSPB administrative judge, Mark Syska, who issued the Recommended Decision that was ultimately adopted by the Board, demonstrated bias against Plaintiff Muhamad Sadiq but denied counsel's motion to recuse himself.

4. Judge Syska's denial of counsel's at-hearing motion to recuse himself greatly impacted the presentation of the case and the judge's ultimate decision on the grievance.

5. Judge Syska erred in addressing the VA's application of *Douglas Factor* #6 because he failed to analyze the proposing and deciding officials' failure to compare Plaintiff's purported poor performance to that of the other similarly situated pharmacists.

6. Judge Syska ignored and failed to analyze evidence pertaining to the charge of religious discrimination. He minimalized the record evidence by stating that the charge of religious discrimination rested upon "appellant being asked [once] to move his prayer rug; and the appellant's desire to have every Friday off for prayers." The judge ignored other record evidence, particularly pertaining to heightened penalties imposed upon the Plaintiff as opposed to penalties meted out to his colleagues.

7. Judge Syska erred in failing to address the fact that Plaintiff's performance was measured in a vacuum, particularly in light of the proposing and deciding officials' testimony that the VA had no standardized mechanism for measuring errors made by the pharmacists.

8. The Board adopted Judge Syska's decision and, without explanation, denied the request for arbitral review.

9. The Board erred in permitting the agency to claim that the removal was founded in Chapter 75 when the parties' CBA does not allow performance based actions to be taken other than under Chapter 43.

10. The Board erred in concluding that the Plaintiff never raised the misapplication of *Douglas Factor #*6 until the hearing before Judge Syska. At all times, from the inception of his case, Plaintiff asserted disparate treatment which is the essence of *Douglas Factor #6.*

11. The Board erred in ignoring the deciding officials' testimony that he could not recall whether he had considered any comparators to the Plaintiff. Assuring that comparators drive the penalty determination is required under *Douglas Factor* #6*.*

**WHEREFORE**, Plaintiff prays that he be awarded the following relief:

    (a) $300,000.00 for pain and suffering;
    (b) $540,000.00 in back pay;
    (c) court costs; and
    (d) any other relief the Court my deem appropriate.

_____/S/_____
Eleanor Jenkins, Esq.
200 Constitution Ave., N.W.
Room # N-1503
(202) 693-6430 phone
(202) 693-6431 fax
lauderdale.eleanor@dol.gov
Counsel for Plaintiff

(Bar No. 933994)